UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Wesley Cortez Oatman,

        Defendant.

Case No. 15-cr-235 (6) (JNE/TNL)

ORDER

This matter is before the Court on Defendant's Motion to Appoint Counsel to represent him in pursuing modification of his criminal sentence. ECF No. 538. For the reasons stated below, the Court denies the motion.

## BACKGROUND

On November 25, 2015, Defendant pleaded guilty to conspiracy to distribute heroin. ECF No. 172 ¶ 1. At sentencing, this Court determined that he was a "career offender" under Section 4B1.1 of the Federal Sentencing Guidelines, based on three prior felony convictions for controlled substances offenses. *United States v. Oatman*, 702 F. App'x 478, 479 (8th Cir. 2017). The Court sentenced Defendant to serve 220 months in prison. *Id.* (affirming Defendant's sentence). Although this sentence reflects a downward variance from the Guidelines range, it is above the Guidelines range that would have applied in the absence of the "career offender" enhancement. *Id.*

Defendant plans to seek a modification of his criminal sentence under 18 U.S.C. § 3582. ECF No. 538 at 8. Defendant suggests that he may be eligible for a sentence modification due to changes in the law regarding career offender status. *Id.* at 4.

1

Defendant appears to claim that alleged wrongful conduct by Bureau of Prisons ("BOP") officials also supports modifying his sentence, but he does not claim that he is eligible for a sentence modification on compassionate release grounds under 18 U.S.C. § 3582(c)(1). *Id*. Defendant briefly alludes to "a host of sentencing issues" he wants to present to the Court that "raise possible constitutional issues." *Id.* at 13.

Defendant says that he needs counsel to help him pursue these claims because he lacks the means to investigate the BOP's alleged misconduct or to present necessary "medical facts" without facing retaliation from BOP officers. *Id.*

## DISCUSSION

Defendant has no constitutional or statutory entitlement to counsel in pursuing sentence modification under 18 U.S.C. § 3582. Defendant suggests that a § 3582 motion is "ancillary" to a criminal proceeding under 18 U.S.C. § 3006A(c), thus entitling him to representation. ECF No. 538 at 6. But applicable precedents squarely reject this position. *United States v. Meeks*, 971 F.3d 830, 833 (8th Cir. 2020) ("A proceeding under § 3582(c)(2), which permits a district court to reduce a defendant's sentence following a change in the Sentencing Guidelines, is not an ancillary matter . . . ."). There is "no right to appointed counsel in sentence modification proceedings under § 3582(c)." *United States v. Harris*, 568 F.3d 666, 669 (8th Cir. 2009).

Furthermore, Defendant's circumstances do not warrant discretionary appointment of counsel. The Eighth Circuit has not prescribed a particular test for evaluating pro se requests for counsel to assist with § 3582 motions. But other courts consider whether a defendant has demonstrated potential eligibility for a sentence reduction under § 3582(c).

*See, e.g.*, *United States v. Marshall*, No. CR 16-00029-CJC, 2020 WL 6777132, at *1 (C.D. Cal. July 21, 2020); *United States v. Bond*, No. CR 5:09-107-DCR, 2016 WL 9343991, at *1 (E.D. Ky. Feb. 12, 2016) (denying appointment of counsel where it "would be unnecessary and a waste of resources").  Additionally, the Court may consider factors that district courts should consider when evaluating indigent civil litigants' requests for appointment of counsel.  Such factors include "the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues." *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991).

Here, Defendant has not shown potential eligibility for a sentence reduction under § 3582.  Defendant first claims that "changes in the law" have altered courts' treatment of career offenders.  ECF No. 538 at 4.  This argument therefore appears directed to 18 U.S.C. § 3582(c)(2).[1]  But Defendant identifies no specific change in the Sentencing Guidelines that could have produced a different sentence.  Defendant next argues that the Bureau of Prisons has shown deliberate indifference to inmates' safety and health during the COVID-19 pandemic.  ECF No. 538 at 4.  But even if Defendant's allegations of misconduct are true, they are no basis for the Court to modify a sentence under any provision of § 3582.  *See United States v. El-X*, No. 11-CR-0109(1) (PJS/JJG), 2021 WL 1609048, at *1 (D. Minn. Apr. 26, 2021) (noting that a "§ 3582 motion is not a proper

---

[1] Under this provision, a court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ."  18 U.S.C. § 3582(c)(2).

vehicle for raising constitutional challenges to conditions of confinement; instead, if [a defendant] wishes to challenge the conditions of his confinement, he must do so in a *Bivens* action filed in the federal district in which he is confined").[2] Defendant does not argue that his individual circumstances make him eligible for compassionate release under 18 U.S.C. § 3582(c)(1), and the Court can discern no age-related or "extraordinary and compelling" circumstances that might make Defendant so eligible.

No other relevant considerations favor appointing counsel to assist with Defendant's § 3582 motion. Defendant says he is seeking counsel because he would be "unable to properly present" reasons for his release due to his "condition of confinement and staff hostility towards § 3582 cases." ECF No. 538 at 8. But Defendant offers no evidence to substantiate his allegations of staff hostility or his fear of retaliation. The instant motion shows that Defendant is able and willing to perform legal research and to communicate with the Court. As discussed above, Defendant's claimed reasons for sentence modification fail not because of factual or legal complexity, but rather because Defendant has identified no plausible basis for relief under § 3582. Defendant says he is unable to fully investigate facts regarding the BOP misconduct he alleges, including unsafe prison conditions during the COVID-19 pandemic and the obstruction of inmates' legal correspondence. ECF No. 538 at 9. But since these issues do not bear on his § 3582 motion, Defendant's claimed inability to investigate them does not justify using scarce public resources to appoint counsel to assist with that task.

---

[2] Defendant is incarcerated at United States Penitentiary Big Sandy in Inez, Kentucky. ECF No. 538-3.

4

Aside from pursuing sentence modification under § 3582, Defendant also seeks counsel to help him present a "host of sentencing issues." Even if Defendant can identify an appropriate procedural vehicle to raise such issues long after appealing his sentence, the only purported issue that Defendant specifically identifies can afford him no relief. Defendant notes that Courts have found that certain provisions of the Illinois controlled substance law underlying Defendant's prior convictions are broader than their federal counterparts. *See United States v. Ruth*, 966 F.3d 642, 645 (7th Cir. 2020), *cert. denied*, 141 S. Ct. 1239, 208 L. Ed. 2d 630 (2021). Defendant suggests that this conclusion could render his Illinois convictions inappropriate as a basis for his "career offender" status. But the Eighth Circuit recently clarified that a "career offender" enhancement under the Sentencing Guidelines, unlike a *statutory* enhancement for prior offenses under 21 U.S.C. § 841, may rest upon certain convictions under state laws that criminalize a broader scope of conduct than do their federal counterparts. *United States v. Isaiah Ramon Henderson*, No. 20-2594, 2021 WL 3817853, at *4 (8th Cir. Aug. 27, 2021). Here, the government agreed not to seek statutory enhancements, ECF No. 291 at 5, and thus the Court enhanced Defendant's sentence based only on the Sentencing Guidelines. Therefore, Defendant's Illinois convictions properly support his status as a career offender and the resulting enhancement of his sentence length.

## CONCLUSION

The Court sees no reason to exercise its discretion to appoint counsel for Defendant's planned pursuit of sentence modification or for any other purpose. Based on

the files, records, and proceedings herein, and for the reasons stated above, IT IS

ORDERED THAT:

    1.    Defendant's Motion to Appoint Counsel [ECF No. 538] is DENIED.

Dated: September 13, 2021

                                  s/   Joan N. Ericksen
                                  JOAN N. ERICKSEN
                                  United States District Judge